# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EUGENE FARIAS,<br><br>    Petitioner,<br><br>    v.<br><br>KELLY SANTORO,<br><br>    Respondent. | Case No.: 1:15-cv-01619-DAD-JLT (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING<br>(Doc. 25) |

Petitioner filed a request for evidentiary hearing on June 27, 2016. Respondent did not file an opposition. Petitioner states he has set forth his claims in a "colorable" fashion; therefore, an evidentiary hearing should be granted to resolve factual issues in this case. The Court disagrees and will DENY the motion.

Rule 8(a) of the Rules Governing Section 2254 Cases provides that where a petition is not dismissed at a previous stage in the proceeding and after the answer and transcripts and record of the state court proceedings are filed, the Court shall review those records to determine whether an evidentiary hearing is required. The purpose of an evidentiary hearing is to resolve the merits of a factual dispute. An evidentiary hearing on a claim is required where it is clear from the petition that: (1) the allegations, if established, would entitle the petitioner to relief; and (2) the state court trier of fact has not reliably found the relevant facts. See Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992). As the function of an evidentiary hearing is to try issues of fact, such a hearing is unnecessary when only issues of law are raised. Townsend v. Swain, 372 U.S. 293, 309 (1963).

Nevertheless, in Cullen v. Pinholster, 563 U.S. 170 (2011), the United States Supreme Court held that review under § 2254(d)(1) <u>is limited to the record that was before the state court that adjudicated the prisoner's claim on the merits</u>.  The Court held that the provision's "backward-looking language requires an examination of the state-court decision at the time it was made." Id., at 181-182. Thus, § 2254(d)(1) requires federal courts to "focu[s] on what a state court knew and did," and to measure state-court decisions "against this Court's precedents *as of 'the time the state court renders its decision*.'" Id. at 182 (*quoting* Lockyer v. Andrade, 538 U.S. at 71-72 (emphasis in original).

Although the Supreme Court stopped short of deciding whether a district court could ever conduct an evidentiary hearing unless it had previously determined that § 2254(d) had not been satisfied, it is quite clear from the high court's decision that holding an evidentiary hearing to find facts never previously presented to the state court would be an extremely rare occurrence and that the AEDPA's statutory scheme is designed to discourage such hearings.  Id. at 186.  Petitioner has made no showing that this case is that rare occurrence, or that this case otherwise requires an evidentiary hearing.  Accordingly, the Court will deny Petitioner's motion for evidentiary hearing.

## ORDER

For the foregoing reasons, Petitioner's motion for evidentiary hearing (Doc. 25) is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 12, 2016**            /s/ Jennifer L. Thurston
                                      UNITED STATES MAGISTRATE JUDGE